Nash, J.
 

 We agree with his Honor, that that there is no substantial difference between what, it is alleged, the Judge ought to have told the jury and what in fact he did say to them; and the only question before us is, whether, in the instructions so given, there was error in law.- We'
 
 *240
 
 think there was not. Although the charge was not as pre-c^se as **■ t^ght have boon, we believe the law has been substantially stated to the jury correctly.
 

 R is well settled by numerous adjudications, that there is no word or set form of words, required to constitute a warranty in the sale of personal property — but wherever the words used, taken in-connection with the attendant circumstances, shew that it was a part of the contract between the parlies, that there should be a warranty, they will suffice — 4 Ad. & E. 473 — 31st vol. Com. L. Rep.,
 
 Pown
 
 v
 
 Barkham,
 
 5 B. & A. 240., 7 vol. C. L. R.,
 
 Sheperd
 
 v
 
 Kain,
 
 2 Nev. & Mann. 446., 28 vol. C. L. R.,
 
 Freeman
 
 v
 
 Baker.
 
 These authorities shew that every affirmation, made at the time of the sale of personals, is a warranty, provided it appears to have been so intended by the parties. A bare affirmation, merely expressive of the judgment or opinion of the vendor, will not amount to a warranty — and the reason is, a warranty subjects the vendor to all losses arising from its failure, however innocent he may be — and this responsibility the law will not throw upon him by implication, except as to the title of the property.
 

 As it respects the value or soundness of the article sold, the law implies no warranty. The leading case in this State upon the subject of the warranty of personals is that of
 
 Erwin
 
 v Maxwell, 3 Murph. 241. In' that case the plaintiff asked the defendant, if the horse he was about to let him have was sound, to which the latter answered he was. His Honor Chief Justice Taylou, in discussing the subject, says, “ to make an affirmation at the time of the sale a warranty, it must appear by evidence to be so intended, and not to have been a mere matter of judgment or opinion.” In the case of
 
 Ayres
 
 v
 
 Parke,
 
 3 Hawks, 59, the Court says, “an affirmation at the time of the sale is a warranty, provided it appears in evidence to have been so intended. Whether it was so intended, is a matter of fact to be left to the jury.” The last case on this subject is that of
 
 Baum
 
 v
 
 Stevens, 2
 
 Ired. 411. In its leading features it strongly resembles this. The
 
 *241
 
 case states, that the defendant sold at public auction a number of negroes, among whom was Jim, the one whose unsoundness was the subject of the suit — that, when the negro next to Jim ivas offered, the defendant declared that he did not warrant that negro as he was unsound — that when Jim Avas offered he proclaimed,here is a young likely healthy negro.” His Honor, Avho tried the cause below, in the hurry of the trial, laying out of vieAv the attendant circumstances and looking alone to the words of the defendant uttered at the moment of offering the negro, held .that the words did not amount to a Avarranty. His'Honor the Chief Justice, in delivering the opinion of this court, refers to the case of
 
 Erwin
 
 and
 
 Maxwell,
 
 as establishing the true doctrine in cases of Avarranty. In commenting on the case before him, he proceeds, after stating the facts of the the case, to observe; “it might not perhaps be considered as straining the words be-yound their obvious and natural sense, taking the whole together, to hold that there was a Avarranty of the latter negro. But, at the least, it is highly probable the vendor so meant to be understood and so Avas understood; ” and closes by observing, “ these we think Avere all matters properly belonging
 
 to the jury to
 
 whom they should have been submitted, with instructions, that if they collected the defendant did not mean merely to express an opinion, but to assert positively that the negro ivas sound, and that bidders should, upon the faith of that assertion, bid for the negro as sound, then it would amount to a Avarranty; othenvise not.”
 

 We hold that the charge of his Honor beloiv embraces, substantially, the principles adjudicated in the above cases. The principle, Avith Avhich the charge closes, might have been more clearly expressed; but Avhatever doubt might rest upon it is removed by what precedes it. In a previous part of the charge, the Judge informs the jury, that Avhen it is a matter of fact for them to decide, before they find there is a warranty, they must be satisfied the
 
 par¿ies
 
 so intended. It Avould be unjust to him and false to the rule of sound construction, to separate the parts of a continuous charge and
 
 *242
 
 decide upon isolated portions. With the facts of the case this Court has nothing to do: any error into which the jury may have fallen was under the sole control of his Honor below. The judgment rendered below must be affirmed.
 

 Per Curiam, Judgment affirmed.