## COONS *a.* CHAMBERS.

*Court of Appeals ; December Term*, 1854.

EVIDENCE.—EXPLANATION OF WRITTEN CONTRACT.

It is a question of fact, when an instrument bearing no date was made.

Correspondence between the parties to an agreement, bearing date prior to the agreement, is inadmissible (the date being unimpeached) in explanation of the written contract.

Appeal from judgment for plaintiff, upon report of referee.

This action was brought in the Supreme Court, in the Third District, to recover for services alleged to have been performed by plaintiff for defendant, pursuant to a written agreement, bearing date the *thirtieth November*, 1849. The cause was referred.

In the course of the hearing before the referee, the plaintiff offered in evidence with a view to explain the true construction of the contract, a letter to him from defendant, dated the *nineteenth October*, 1849. The defendant objected that it could not be received in evidence for that purpose, because it bore date prior to the contract. But the referee overruled the objection, and admitted the evidence. The defendant excepted.

The referee having reported upon the issues, in favor of the plaintiff, the defendant appealed from the judgment entered on his report, to the general term; where it was affirmed; and defendant appealed to the Court of Appeals.

*J. V. Loomis*, for appellant.

*G. Stow*, for respondent.

GARDINER, J.—This action was upon an agreement between these parties under seal. The subjects of it were, a patent for the territory of New York, for the making and vending of elevators, for the raising of muck, mortar, merchandise and other weights, and the construction of these machines by the plaintiff in pursuance of the specifications of the patent, and with such improvements as might be suggested, in the language of the agreement, by the inventive genius of the plaintiff. The main controversy between the parties relates to the meaning

and true construction of the contract between them. The original agreement was dated on the 30th of Nov., 1849, and was executed by Coons only. "In connection with and addition to" this contract, as the instrument recites, another writing was endorsed on the original contract, containing provisions different from it in reference to the payment of the expenses to be incurred in the construction of the machines, which was executed by both parties, but not under seal. The defendant gave in evidence a third instrument, signed and sealed by Coons, the plaintiff, bearing date the 17th January, 1850, purporting to be a receipt of "twenty-five dollars, part of fifty dollars, named as funds which were to have been paid, on or before the 15th December last." The receipts contained a provision upon the part of Coons, "not to call for the remaining $25 until after the completion of two of said machines named in the annexed article, and to await the directions of the defendant, as to the third, until he should conclude upon the form." The construction of those various instruments, containing distinct stipulations in reference to the same subject, depends essentially, upon the order of time when they were executed. If the writing indorsed in the original article was, as the plaintiff insists, made subsequent to the 17th of January, the date of the receipt, it would annul or materially modify the stipulation of that instrument, instead of being controlled by them. This was a question of fact, which it is to be presumed that the referee has found in favor of the plaintiff; which is accordingly approved by the Supreme Court, in their opinion, and with which this court will not interfere. If the assumption is well founded, I can perceive no objection to the interpretation which the Supreme Court has given to the contract, as a whole.

But the case is here presented on a bill of exceptions, and. upon the hearing before the referee, the plaintiff offered in evidence a letter from the defendant to the plaintiff, dated the 19th of October, 1849, some time prior to the agreement upon which the plaintiff had counted in his complaint. It contains directions to the plaintiff "to use his best judgment in getting up the machines, and to do one at a time, and as cheap as practicable, and to pay for the work when completed," &c.

This evidence was objected to, on the ground that it was anterior to the contract, and the objection overruled by the referee, and his decision excepted to by the defendant. The evidence was clearly inadmissible. The merits of the controversy, so far as the opinion can be formed from the case before us, would seem to be with the plaintiff. But upon a bill of exceptions, I do not perceive any way in which the judgment can be sustained. It must be reversed for the reason assigned, with costs to abide the event.

## EVERSON *a.* GEHRMAN.

*Supreme Court, First District; General Term, December,* 1854.

### COLLUSION.—CONFESSION OF JUDGMENT.—PARTNERSHIP.

No power is implied as within the scope of partnership authority, unless such as the partners can be presumed to have intended to grant to each other.

A partner has no authority to confess judgment on behalf of the firm, contrary to the wish of the co-partner.

Judgment entered against both upon an accepted offer of one to let judgment be taken against him, is irregular.

Such judgment will not be allowed to stand as against the other even as security, where it appears to have been entered by collusion between the debtor offering and the plaintiff.

Motion to set aside judgment.

The defendants were partners; and were indebted to the plaintiff, who was the father of one of them. He asked the firm to confess judgment for the debt; his son was willing to, but the other partner refused. Under these circumstances the father and son colluded to have suit brought by the father against the son's firm, and the son, keeping the matter from the knowledge of his partner, made an offer in writing, signed in his individual name, to let the plaintiff take judgment against him. This offer plaintiff accepted, and thereupon entered judgment against both the defendants. At special term on motion of defendant, Gehrman, to set aside the judgment as irregular and collusively obtained, the judge allowed