Pbaesost, C. J.
 

 The statement of the case is so obscurely made up, and the opinion of his Honor, upon the question, which seems to be presented, is so obviously erroneous, that we have much difficulty in satisfying ourselves that we correctly apprehend the point, which was intended to be raised. .The
 
 *91
 
 evidence is not set out, but it is stated,
 
 “
 
 parol evidence of admissions by the plaintiff, lending to prove their allegations, ■was introduced by the defendants,” who alleged that the quality of the rosin -was to be rated by the Hew York market, and if this was not so by the terms of the original contract, still, “ the contract became such by a subsequent understanding between the parties;” and his Honor held
 
 that such alteration would he binding in the absence of any consideration.
 

 The point, as we understands, is this: the plaintiff having sold and delivered to the defendants 600 barrels of Ho. 1 rosin, at an agreed price, afterwards undertakes, i. e., warrants, without any further consideration, that the quality of the rosin is Ho. 1, according to the rates in the Hew York market. Is this subsequent undertaking binding, or is it void as a
 
 nudum pactimi ?
 

 It clearly falls under the familiar doctrine of an executed or past consideration : suppose I sell a horse, and the next day, without any consideration, agree to warrant that the horse is sound: is not the warranty
 
 nudum pactum f
 

 We see from the verdict, that a less amount is found for the plaintiff, than the stipulated price, and interest. As the case is to be tried again it may be well to put this matter right. If the agreement to warrant the quality of the rosin had been supported by a sufficient consideration, for instance, if the defendants had agreed to give an advance of five cents on the barrel, as a consideration of the warranty, it is clear, that in an action for the price, the damages could not be reduced by proof of the inferior quality of the rosin;
 
 Hobbs
 
 v. Riddick, 5 Jones’ Rep. 80, where the authorities are referred to and the subject fully discussed; and this conclusion announced :
 
 “
 
 Where an action can be maintained on the
 
 special contract,
 
 the defendant is not at liberty to reduce the damages, by showing that the property was unsound and relying upon a warranty or a deceit, or by showing that the articles were of inferior quality, or that the work done was defective, or that the services contracted for, were only partially rendered. But where the plaintiff 'is driven to his
 
 quantum valebat
 
 or
 
 *92
 

 quantum meruit,
 
 the damages may be reduced by proof of this sort, the distinction being between a partial and a total failure of consideration. In the former ease, such matter must be made the subject of an independent action.”
 

 Pee Cueiam, Judgment reversed, and a
 
 venire de novo.