### UDELL v. SARAFIAN.

(Supreme Court, Appellate Term, First Department.   February 26, 1897.)

1. SALES—BILL OF SALE—PREVIOUS ORAL NEGOTIATIONS.
 A seller giving a bill of sale containing a warranty, and thereupon receiving the purchase money, waives the contention that the contract of sale was completed by a previous oral acceptance of the buyer's offer to purchase, which did not provide for a warranty.

2. SAME—WARRANTY—WHAT CONSTITUTES.
 A description of a printing press, in a bill of sale thereof, as being "in good working order, with all parts intact," is a warranty.

Appeal from Third district court.

Action by Lillian D. Udell against Hinter Sarafian.    From a judgment entered on a decision of the trial justice in favor of plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Sanders & Gray (A. M. Sanders, of counsel), for appellant.

R. J. Donovan, for respondent.

McADAM, J.   The action was to recover damages for an alleged breach of warranty by the defendant on the sale of a printing press.

The defendant's broker Isaacs offered to sell the press to the plaintiff's agent, who thereupon went to examine it. The press was in a dark cellar, and it could not be properly examined, and for that reason the plaintiff insisted upon a warranty. The machine was represented to be in good working order, with all parts intact. Negotiations continued for about a week, and the parties, by appointment, met July 22, 1895, for the purpose of completing the transfer of title and possession. A bill of sale was prepared, describing the press, adding that it was "in good working order, with all parts intact." The defendant at first refused to sign the bill of sale on account of the addition of the words quoted, but, after consulting a friend, concluded to sign the paper, rather than lose the sale. The plaintiff thereupon paid $300, and took possession of the property. Upon inspection of the press, it was discovered that several of the parts were missing. The plaintiff's agent asked for them, and Mr. Isaacs, in the presence of the defendant, said they had been taken to Brooklyn by mistake, and that they would be obtained, and sent to the plaintiff. The missing parts were never delivered. The press was put up in the plaintiff's place of business; but it was incomplete, and would not work. Demand was made on the defendant to put the machine in the condition called for by the bill of sale. Upon his refusal to do so, R. Hoe & Co. and Mr. Christman were employed to put it in working order; and the expense of putting the machine in the condition called for by the contract, including the amount paid for the missing parts, was $60.90, for which sum the plaintiff recovered judgment.

The defendant contends that the negotiations for the purchase were closed July 17, 1895, when he claims to have orally accepted the plaintiff's written offer to purchase at $300; hence the warranty given in the bill of sale executed five days afterwards is inoperative, because without consideration. But the plaintiff's offer was an informal one, regarded by both parties as an evidence of good faith, and preliminary only to the sale afterwards consummated. The plaintiff peremptorily refused to make the purchase unless the defendant gave him a formal bill of sale, containing a warranty that the press was in the condition represented by the defendant's agent. If the defendant had regarded the offer and his alleged acceptance of it as a contract, he ought to have stood upon his legal rights, and declined to make any further contract. He did not choose to do so, but executed the formal transfer containing the warranty on which the plaintiff relies, and on the faith of which the latter parted with the consideration money, and took possession of the subject-matter of the sale.

The bill of sale was properly admitted in evidence; and by it alone the legal rights and liabilities of the parties are to be determined. "If a negotiation be conducted in writing, and even if there be a distinct proposition in a letter, and a distinct assent, making a contract, and then the parties reduce this contract to writing, and both execute the instrument, this instrument controls the letters, and they are not permitted to vary the force and effect of the instrument, although they may sometimes be of use in explaining the terms." 2 Pars.

Cont. (6th Ed.) 548. And see Renaud v. Sampson, 12 N. Y. 561; Bull v. Willard, 9 Barb. 641; Tibbitts v. Percy, 24 Barb. 39; Coons v. Chambers, 1 Abb. Dec. 439; Long v. Railroad Co., 50 N. Y. 76. A warranty was clearly intended by both parties, and the language expressed gives full effect to the intention. It is elementary that, to constitute a warranty, it is not necessary that the vendor should use the word "warrant" or "warranty." If the language actually used at the time of the sale, upon a fair construction, amounts to or is equivalent to an undertaking on the part of the owner that the property is what it is represented to be, this is sufficient to create a warranty. Story, Sales (4th Ed.) § 357; Canning Co. v. Metzger, 118 N. Y. 260, 23 N. E. 372; Jones v. Mayer, 16 Misc. Rep. 586, 38 N. Y. Supp. 801; Machine Co. v. Bushnell, 9 Misc. Rep. 462, 30 N. Y. Supp. 228. It is said by a learned text writer that "if a bill of sale be given, in which an article is described, we consider it the better rule that this description has the full effect of warranty." 1 Pars. Cont. *582. See, also, Hawkins v. Pemberton, 51 N. Y. 198; Canning Co. v. Metzger, supra.

Apart from the technical question of warranty, the representation contained in the bill of sale, and acted on by the vendee, constitutes an agreement as to the condition of the press, for the breach of which, under the circumstances, the defendant is responsible in like damages to the plaintiff. Fitch v. Kennard, 2 Misc. Rep. 96, 20 N. Y. Supp. 845. The damages allowed are those necessarily flowing from the breach, to wit, the reasonable expense incurred in putting the machine in the condition called for by the contract, as proved by the experts who did the work.

The exceptions are without merit, and the judgment must be affirmed, with costs. All concur.