REIGER v. WORTH.

(Filed May 6, 1902.)

WARRANTY—*Contracts—Sales—Representations.*

> Representations by a vendor that rice is excellent seed-rice amounts to a warranty.

ACTION by A. W. Reiger against the Worth Company, heard by Judge *Thos. A. McNeill* and a jury, at the September Term, 1901, of the Superior Court of BRUNSWICK County. From a judgment for the plaintiff, the defendant appealed.

*E. K. Bryan,* for the plaintiff.
*Bellamy & Peschau,* for the defendant.

MONTGOMERY, J. The defendant company offered for sale in the Wilmington newspapers a quantity of rice, represented to be excellent seed-rice, and the plaintiff having seen the advertisement, called at the company's place of business, and after looking at the rice to see if there was any of a red color amongst it, and finding none, purchased 125 bushels to plant his crop. At the same time one of the company's managers, or agents, assured the plaintiff that the rice was good seed-rice. The plaintiff testified that he bought it, relying solely upon the defendant's representations, and not knowing himself whether it was good seed-rice or not. The defendant's agent admitted on the trial that the rice was advertised as excellent seed-rice, and at the time of the sale to the plaintiff he made the representation to the plaintiff that it was good seed-rice, and that it was known that the plaintiff wished to buy it to plant. The rice failed to sprout after it was properly planted and treated, and the plaintiff brought this action to recover damages, alleging that the representations made by the company's agent constituted a warranty that the

rice was good seed-rice, and would germinate if properly
planted and cultivated. That is the main question involved.
Were the representations made by the defendant merely affir-
mations of description, or did they constitute a warranty?
The defendant's contention was that whether the words were
a warranty or not, was a question to be submitted to the jury
upon the intention of the defendant in making the representa-
tions. The defendant had offered evidence to the effect that
good seed-rice only meant rice free from red rice, and of
good, sound, plump grain. But the evidence also was that if
rice did not sprout it was not good seed-rice. His Honor in-
structed the jury as a matter of law that the defendant's rep-
resentations amounted to a warranty, and that they should
answer the issue on that question "Yes." We think there
was no error in the instruction. In *Love v. Miller,* 104 N.
C., 582, there was a contract to sell and deliver a quantity
of cotton in bales, "to be of the average grade of middling,"
or above—none to grade below "low middling" and nice good
stains or tinges; and the Court held that those words consti-
tuted a warranty that the cotton should be in fact of that
quality, and not that it should be so according to any partic-
ular method of inspection. The Court referred with ap-
proval to the case of *Lewis v. Rountree,* 78 N. C., 323, in
which the following language of MILLER, J., in *Jones v. Just,*
L. R. 3 Q. B., 197, was approved: "In general, on the sale
of goods by a particular description, whether the vendee is
able to inspect them or not, it is an implied term of the
contract that they shall reasonably answer such description,
and if they do not it is unnecessary to put any other question
to the jury." "It is not meant," said the Court, "that words
of description are always a warranty. But the cases in
which that is held have something special to take them out of
the rule, and to show that in those cases it was not so in-
tended." We see nothing in this case which forms an excep-

tion to the rule. The first error alleged by the defendant is not in the case on appeal. The testimony of the witnesses which was objected to nowhere appears in the record, but, on the contrary, the question put to the witness was not allowed by the Court. And the second exception stands on the same footing. It is an exception to the testimony of Joseph Gay, and in the case made out by his Honor no such witness was examined. The defendant's third, fourth, fifth, sixth and seventh exceptions bear upon the question we have already discussed, and they are against the defendant. Prayers 4 and 5 constituted the defendant's eighth and ninth exceptions, and they were substantially given. The defendant's tenth exception was made to the refusal of his Honor to instruct the jury that if they should find from the evidence that the plaintiff was a rice-planter of experience and knowledge, and that his information and knowledge of the quality of seed-rice was superior to that of the defendant, and the plaintiff bought the rice after a thorough examination of the same, and that the defendant did not know that the seed were defective and would not sprout, the plaintiff can not recover, and they should answer the second issue "No." The exception is without merit, and for the reasons we have already given in this opinion.

No Error.