J. B. HODGES v. R. L. SMITH.

(Filed 11 September, 1912.)

1. **Vendor and Vendee—Sale of Horse—False Warranty—Deceit— Personal Injury—Damages—Evidence—Question for Jury.**

   Evidence tending to show that a dealer in horses sold a vicious horse to one who told him that he was inexperienced in horses, and that he wanted a gentle horse that his wife and family could safely· drive, and which ran away with the vendee soon after his purchase, and injured him; that the horse trader had had the horse for some time, is sufficient to take the case to the jury in an action to recover damages for ·the injuries inflicted, it being a fair inference from the period of possession of the horse by the defendant that he knew the character of the horse he was selling, and it being incumbent upon him, under the circumstances, not to make representations of this character unless he knew them to be true.

2. **Vendor and Vendee—Sale of Horse—False Warranty—Deceit— Personal Injury—Tort—Damages.**

   When there is an affirmative finding on the issue of false warranty and deceit in the sale of a horse, which proximately caused the purchaser to be injured in a runaway while driving it, a suit for damages being in tort, the plaintiff's damages are not confined to those in the contemplation of the parties at the time of the sale.

APPEAL by defendant from *Webb, J.,* at May Term, 1912, of BEAUFORT.

Civil action.

The following issues were submitted to the jury:

1. Did defendant warrant and represent to plaintiff that the horse in question was gentle in harness and safe to drive, as alleged in the complaint? Answer: Yes.

2. If so, was said warranty and representation false, as alleged in the complaint? Answer: Yes.

3. If so, was plaintiff injured in consequence thereof, as alleged in the complaint? Answer: Yes.

4. What damage is plaintiff entitled to recover of defendant? Answer: $1,000.

From the judgment rendered, the defendant appealed.

*Small, MacLean & McMullan for plaintiff.*
*F. G. James & Son, Ward & Grimes for defendant.*

BROWN, J. This case was before this Court on a former appeal, and is reported in the 158 N. C., page 256. The plaintiff seeks to recover damages for personal injuries sustained by the running away of a horse purchased by him of the defendant, on the ground that the horse was falsely warranted to be gentle. On a former trial a motion to nonsuit was sustained, and this Court held that there was sufficient evidence to go to the jury, and ordered a new trial.

The issues as to warranty and false representation as to the qualities of the horse have been found against the defendant on a charge not excepted to, and those findings may be considered as settled. The case now comes before this Court upon the sole question as to whether in any view of the evidence there is sufficient ground to warrant a recovery for damages for injuries consequent upon the running away of the horse.

As we read the case upon the record now sent up, the facts and evidence as developed in the second trial are substantially the same as on the former trial, and are recited fully in the opinion of *Mr. Justice Walker.* It is contended, however, upon this hearing, that the plaintiff can recover only the difference between the value of the horse as warranted and as he actually

turned out to be, upon the ground that there is not evidence of a false representation upon the part of the defendant, or that he knew of the vicious character of the animal.

We think the contention of the learned counsel for the defendant cannot be sustained. It was held by us on the former trial that there was evidence tending to prove that the defendant falsely and knowingly represented that the horse was kind and gentle. The evidence on both trials seems to be practically the same. The plaintiff testified that he went to the defendant's stables in Greenville to purchase a horse, and that he told the defendant that he wanted a gentle horse, "one for my mother and father to drive; that they are old, and I want one that is safe." He said: "All right; we have got him. Here is one that I can sell you that I know is gentle. I can guarantee this horse to be gentle and that any lady can drive him." The plaintiff testified that he told the defendant that he did not know anything about horses; that he had never bought one before in his life; and the defendant repeatedly stated that he knew this horse to be gentle and that he guaranteed him to be perfectly gentle.

If the evidence introduced by the plaintiff is to be believed, the animal was anything else but gentle, and his "natural gait was running away and kicking." He ran away shortly after the plaintiff got him, threw him out of the buggy and seriously injured him.

It is not necessary to offer evidence that is conclusive of the defendant's knowledge of the vicious character of the horse, but it is only necessary to offer such evidence as is sufficient to go to the jury. The defendant was told by the plaintiff the purpose for which the plaintiff desired the animal, and the defendant repeatedly stated that he knew the horse to be gentle. The horse had been in the defendant's possession for some time, and it is a fair inference, although not a necessary one, that the defendant knew the vicious character of the horse, and misrepresented his qualities to the plaintiff. It is not for us nor for the judge below to draw such inferences, but the evidence in the case is of such a character that his Honor was well warranted in submitting it to the jury, that they might draw such inferences if they saw fit.

---

Assuming that the defendant made this representation as to the horse's qualities in good faith, he had no right to do it unless he positively knew that the horse was a gentle one, which the evidence shows that he was not, but was an animal of the most vicious and unreliable character. The case of *Allen v. Truesdale,* 135 Mass., 75, cited in the former opinion of this Court, is almost on all-fours with the present case, and fully warrants the judgment of the court upon the issues as found by the jury.

It being thus adjudicated on the former hearing of this case that there is evidence of false warranty and deceit in the sale of a horse, the rule of damage does not confine the plaintiff solely to such as was in the contemplation of the parties, but having established to the satisfaction of the jury a tort, the plaintiff is entitled to recover such damages as naturally flow from and as were consequent upon the wrongful and tortious conduct of the defendant.

No error.