W. G. UNDERWOOD v. COBURN MOTOR CAR COMPANY.

(Filed 16 September, 1914.)

1. Vendor and Purchaser — Contracts — Warranties — Trials—Evidence—Questions for Jury.

    Representations made by the vendor in the sale of an automobile, that it was durable, reliable, first-class in workmanship and material, was well made, and suitable for the roads upon which the vendee would use it; that it would run a certain distance on 1 gallon of gasoline, and was better than a certain other car, are evidence of an express warranty of the car consequently purchased.

2. Same—Consideration.

    Warranties made by the vendor of an article after the contract of sale has been completed are unenforcible for the want

of consideration; but in this case the evidence was contradictory on the question of whether the warranty was contemporaneously made with the sale, and was properly left to the determination of the jury, under a correct charge from the court.

3. **Vendor and Purchaser — Contracts — Warranties — Measure of Damages.**

Damages for the breach of warranty in the sale of an article— in this case, an automobile—are measured by the difference in the value of the car as it was represented and warranted to be and as it really was at the time of its purchase, with such special damages as the vendee incurred, at the request of the vendor, to ascertain if it could not be made to come up to the representation.

APPEAL by defendant from *Ferguson, J.,* at January Term, 1914, of PERQUIMANS.

This is a civil action tried upon these issues:

1. Did the defendant warrant the car, as alleged? Answer: Yes.

2. If so, was said car as warranted? Answer: No.

3. What damage, if any, is the plaintiff entitled to recover? Answer: Five hundred dollars ($500).

From the judgment rendered, the defendant appealed.

*Charles Whedbee, P. W. McMullen and Aydlett & Simpson for plaintiff.*

*J. S. McNider and Ehringhaus & Small for defendant.*

BROWN, J. This action is brought to recover damages from the defendant for an alleged breach of warranty in the sale of an E. M. F. car. The plaintiff alleged that at the time of and as an inducement to the purchase of the car the defendant warranted the same, as alleged in the complaint. The defendant denied that it warranted the car, and alleged that, if it did, the warranty was made after the sale without consideration and was *nudum pactum.*

There are a number of exceptions set out in the record, which we will not consider *seriatim.* The several assignments of error present three matters for consideration: First, was there a warranty? Second, was the warranty void? and, Third, the measure of damages recoverable.

An express warranty is defined in 35 Cyc., page 366: "When the seller makes affirmation with respect to the article to be sold, pending the treaty of sale, upon which it is intended that the buyer shall rely in making the purchase." Or, as stated in *Pemberton v. Dean,* 88 Minn., 60: "A warranty consists in representations and statement of and concerning conditions and quality of personal property, the subject of sale, made by the person making the sale to induce and bring it about."

We think that there is abundant evidence of an express warranty, if the testimony of the plaintiff is to be believed. He testified that he went to the defendant's place in Norfolk and saw Mr. Coburn, who showed him an E. M. F. car. Coburn told him that it was durable and reliable, first-class in workmanship and material and well made.

Coburn said that if the plaintiff bought, he would guarantee the car to be satisfactory in every respect; that it was particularly adapted for roads such as we have in this country; and that 1 gallon of gasoline would run the car 15 miles; that it was a better car than one called the "Rambler."

We think that this evidence, which seems to have been believed by the jury, establishes an express warranty. The language used leaves very little for implication or construction. *Lewis v. Rountree,* 78 N. C., 323; *Reiger v. Worth,* 130 N. C., 268.

Second, it is contended by the defendant that the warranty in question was made without consideration, because it was made, as the defendant contends, after a complete contract of sale had been concluded between the plaintiff and the defendant. It is undoubtedly true that a warranty made after the contract of sale is complete is inoperative unless there is a new consideration to support it. It is well settled that the statements relied upon as a warranty must be made contemporaneously with and as a part of the contract of sale. 35 Cyc., 373; *McDugald v. McFadgin,* 51 N. C., 89.

We think this question was very fully, clearly, and correctly submitted to the jury by his Honor as a question of fact as to when the alleged warranty was made. It is true, as contended by the defendant, that there was some correspondence between

the plaintiff and the defendant, looking to the purchase of an automobile, but the automobile had not been delivered, the plaintiff had not seen it, and no payment had been made on it. It cannot be said, in view of all the evidence, that there was a completed contract of sale and that the alleged warranty was made after it had been completed, and, therefore, without any consideration.

According to the plaintiff's own testimony, the warranty was given by the president of the defendant and in the very inception of the transaction. The plaintiff testified that the "first conversation or dealing which I had, looking to the purchase of this car, I had with Mr. Coburn, who was president of the defendant company, and the other transaction relative to the purchase of this car from the defendant I had with Mr. Coburn personally. At the first of this transaction I went to Mr. Coburn's place in Norfolk and saw Mr. Coburn and looked at an E. M. F. car."

Then the witness goes on to testify, as hereinbefore set out, as to what took place between him and Mr. Coburn in respect to the warranty. The witness further testifies that "On the strength of his persuasion, I bought the car. I paid him a check for $100 to close the bargain and gave it to him personally. I did not send the check to him for this $100. I had not seen the car which I bought, but saw one of the same kind in the shop. The price I paid for the car, with the fixtures, was $1,407.40. I afterwards sent him a check for $1,307.40." That this testimony, taken to be true, makes out a clear case of a contemporaneous warranty as a part of the sale transaction scarcely admits of a doubt.

Third, it is contended by the defendant his Honor made a number of errors in his charge upon the question of damage. There is abundant evidence introduced on the part of the plaintiff that the car was not first-class in workmanship or material and was not well made. According to the plaintiff's testimony, the car was exceedingly defective and almost worthless.

The evidence also shows that the plaintiff made complaint to the defendant at once. His Honor charged the jury that the measure of damages would be the difference in the value of the

car as it was represented and warranted to be and as the jury shall find it was at the time of the purchase. This is in accordance with all the decisions. In the absence of special circumstances, the measure of damages for breach of warranty as to the quality or capacity of machinery sold is the difference between the contract price and the actual value, with such special damages which were in contemplation of the parties. *Critcher v. Porter,* 135 N. C., 543; *Kester v. Miller,* 119 N. C., 475; *Mfg. Co. v. Gray,* 126 N. C., 108.

His Honor further charged the jury that the plaintiff would be entitled to some special damages, viz., any extra expense in having repairs done on the car which the plaintiff was induced to have done at the instance and request of the defendant, to see if the car could not be made to come up to the guarantee. We think his Honor was correct in that charge and properly limited the special damages to such expenses and repairs as the plaintiff was induced to incur by reason of the representations of the defendant. *Kester v. Miller, supra.*

Upon a review of the whole record, we find

No error.