SWIFT & CO. v. ISAAC MEEKINS ET AL.

(Filed 18 February, 1920.)

**Vendor and Purchaser—Contracts—Warranty—Breach—Damages—Fertilizer.**

It is not required that the language used by the principal or his authorized agent in the sale of goods should have been intentionally false, or made for the purpose to deceive, in order to constitute a warranty as a matter of law, on the breach of which the purchaser may recover damages; for it is sufficient if the representation by the vendor is that the articles sold possessed a certain value and certain qualities, as, in the sale of fertilizer, that it was as good as any on the market with the same analysis, and as good as any sold having the same analysis for the making of cotton and corn, the declared purpose for which it was intended, and accordingly purchased.

CIVIL ACTION, tried before *Devin, J.,* at January Term, 1919, of PASQUOTANK.

The following issues were submitted:

"1. Is the defendant, I. M. Meekins, indebted to the plaintiff as alleged in the complaint, if so, in what sum? Answer: '$1,477.38, and interest from 15 July, 1917.'

"2. Did the plaintiff warrant the goods sold to defendant Meekins, as alleged in the answer? Answer: 'No.'

"3. Was there a breach of warranty by the plaintiff, as alleged in the answer? Answer: 'No.'"

From the judgment rendered the defendant appealed.

*W. A. Worth and Thompson & Wilson for plaintiff.*
*Aydlett & Sawyer, Ehringhaus & Small, and P. W. McMullan for defendant.*

BROWN, J. The plaintiff sued to recover on a note of the defendant given for the purchase of fertilizer. The defendant admitted the execution of the note, and his indebtedness thereupon, as alleged in the complaint, subject to his counterclaim, as set out in the answer, for breach of warranty as to the quality of said fertilizer, made at the time of the sale.

The contract was made in January, 1919. Plaintiff agreed to sell and deliver to the defendant 40 tons of fertilizer analyzing 5-7-0 and 10 tons of acid phosphate.

The defendant testified that he had never used plaintiff's fertilizer, and so stated to LeRoy, the agent who sold it to him. LeRoy testified: "I told him it was as good fertilizer as there was on the market. I told him it was as good fertilizer as there was on the market of the same analysis. He told me he was buying it for cotton and corn, and I told him it was as good as any sold to be used for cotton and corn, of the same analysis. I told him it was as good as anybody else's fertilizer of the same analysis. I told him that I sold this fertilizer cheaper than anybody else. I told him that Swift & Company's goods were as good as any from any other factory."

The defendant Meekins testified that the agent told him that the fertilizer was as good as any one could get, and that Swift & Company could sell it cheaper on account of their output from their packing house, and that he told the agent if it was all right that he would take it.

The judge submitted the question of warranty to the jury. The defendant contends that there was a warranty as a matter of law upon LeRoy's testimony, who was the agent of the plaintiff, and introduced by him, and that the judge should have so held and instructed the jury accordingly.

We agree with the defendant that the language used by the agent constituted a warranty in law. It is not necessary that the language should be intentionally false, or that there should have been any purpose to deceive. The positive representation by a vendor that the article sold possesses a certain value and certain qualities, amounts to a warranty, and by counterclaim the defendant may set up the breach of the warranty and reduce the sum claimed by the difference between the contract price and the actual value, although there was no deceit in the sale.

*McKinnon v. McIntosh,* 98 N. C., 89. This case is very much on all fours with the one under consideration. In *Reiger v. Worth,* 130 N. C., 268, it was held that representations that rice is excellent seed rice

amounts to a warranty. In that case the Court held also that his Honor correctly instructed the jury as a matter of law that the defendant's representations amounted to a warranty, and that they should answer that issue "Yes." See, also, *Love v. Miller,* 104 N. C., 582; *Lewis v. Rountree,* 78 N. C., 323.

We are of opinion that the judge should have instructed the jury as a matter of law, that the language used by the plaintiff's agent amounted to warranty, and that they should answer the second issue "Yes."

For this error there must be a

New trial.