The following issues were submitted to the jury, and the answers thereto:
1. Did the defendant warrant the automobile to be a new automobile of 1920 model when he sold the same to the plaintiff? Ans. Yes.
2. Was said car a new car of the 1920 model? Ans. No.
3. Is the cause of action barred by the statute of limitations? Ans. No.
4. What damages, if any, is the plaintiff entitled to recover. Ans. $1,000 without interest.
The defendant's counsel earnestly contended in the argument that the action was originally brought for rescission of the contract of the sale of a Hudson car, made by E. G. Landis to plaintiff, and this was so alleged in the complaint, and plaintiff was allowed to amend the complaint and allege breach of warranty, and "Defendant insisted that the nature of the action could not be thus changed from one to rescind a sale and recover the price, to one for damages for breach of a warranty that the car when sold was new"; that the new cause of action in the amended complaint was barred by the three-year statute of limitation.
It is necessary to refer to the allegations of the complaint, which are as follows:
That on 10 December, 1919, the defendant, E. G. Landis, sold the plaintiff an automobile for the sum of $2,450.
To induce the plaintiff to purchase said automobile the defendant, E. G. Landis, represented to the plaintiff that the automobile was a brand new Hudson car, 1920 model. *Page 318 
That the said automobile is not a new automobile as represented, but was a second-hand or third-hand automobile which had been run many years, and rebuilt and repainted so as to cover the defects and deceive the purchaser.
That the said automobile has given the plaintiff practically no service; has cost him more than $300 in repairs, and that he is informed and believes that it is a stolen car, and that the numbers have been filed off and painted over, to avoid detection.
That as soon as the plaintiff found that it was a stolen car, he ceased to use same, and tendered it back to the defendant E. G. Landis, demanding the money he had paid, or a new car as he had bargained for.
That the plaintiff stands ready now to return to the defendant the car he got, and has been damaged by this transaction in the sum of $2,450.
Wherefore, the plaintiff prays judgment against the defendants in the sum of $2,450, and interest on same from 10 December, 1919, and for the cost of this action, and for such other and further relief as to the court seems just and proper.
When the cause was called for trial defendant moved the court to dismiss the same because the complaint does not state facts sufficient to constitute a cause of action, in that it does not allege a warranty by defendant, or any fraud or deceit, and because plaintiff waited nearly three years after the purchase of the car before bringing his action to rescind.
The court below in its sound discretion has a right to allow amendments.
C. S., 547, is as follows: "The judge or court may, before and after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or a mistake in any other respect; by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the fact proved. When a proceeding taken by a party fails to conform to law in any respect, the trial judge may permit an amendment of the proceeding so as to make it conformable thereto."
The amendment allowed is as follows: "To induce the plaintiff to purchase the said automobile the defendant, E. G. Landis, represented and warranted to plaintiff that the automobile was a new 1920 model Hudson automobile, when in truth and in fact it was not a new car, nor a 1920 model Hudson, but an old second-hand Hudson automobile of about 1916 or 1917 model." *Page 319 
In the original complaint the plaintiff alleged "That the defendant, E. G. Landis, represented to the plaintiff," and the amendment alleges that the defendant "represented and warranted to the plaintiff."
We think that the amendment was not necessary, but was allowable in the sound discretion of the court below. We think that the allegation "represented" and the other facts alleged sufficient, without the amendment inserting the word "warranted."
In Foy v. Stephens, 168 N.C. 439, it has been well said by Brown, J.:
"We have held that a demurrer will not be sustained to the extent of dismissing the action, unless it entirely fails to state a cause of action. If in any portion of it it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for contrary to common-law rule, a very reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient. Brewer v. Wynne,154 N.C. 472. This case is affirmed and cited with approval in the recent case of Hoke v. Glenn, 167 N.C. 594. Where it is manifest that the complaint defectively states a good cause of action, and the defect can be cured by amendment, the courts will allow the amendment rather than dismiss the action. This is in the interest of justice and the speedy trial of actions." Currie v. Malloy, 185 N.C. 209.
After the complaint was filed the defendant has a right, even after the answer was filed, in the sound discretion of the court below, to request that the complaint be made definite and certain.
C. S., 537, in part is as follows: "When the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment."
The better practice and procedure is to make the request before answer or demurrer. Power Co. v. Elizabeth City, ante, 278.
A liberal construction of the complaint and the prayer for judgment clearly showed that the action was for "breach of warranty." The complaint does allege that the car was tendered back to the defendant. This the defendant denied in his answer. It further alleges that the plaintiff stands ready now to "return to the defendant the car he got," but the prayer for judgment does not ask "to rescind the trade," but for damages.
If the defendant was uncertain as to the precise nature of the action, he could have asked that the complaint be made more "definite and *Page 320 
certain." We think the complaint, although not using the word "warranted," but the word "represented," and the facts alleged, were sufficient to charge a breach of warranty.
"To constitute a warranty in the sale of goods, it is not necessary that the vendor should use the word `warrant' or `warranty.' If the language actually used at the time of the sale by a fair construction amounts to, or is equivalent to, an undertaking on the part of the owner that the property is what it is represented to be, it is sufficient to create a warranty. A description of a printing press, in a bill of sale thereof, as being `in good working order, with all parts intact,' is warranty. Udell v. Sarafian,43 N.Y. Supp., 1092, 1094, 19 Misc. Rep., 542"; 8 Words and Phrases, 7404.
"To constitute an express warranty the term `warrant' need not be used; no technical set of words are required, and it may be inferred from the affirmation of a fact which induces the purchase and on which the buyer relies and on which the seller intended that he should so do, but it has been said that the words used must be tantamount to a warranty, and not dubious or equivocal." 24 R. C. L., sec. 437.
In Swift v. Meekins, 179 N.C. 174, it is said: "It is not necessary that the language should be intentionally false, or that there should have been any purpose to deceive. The positive representation by a vendor that the article sold possesses a certain value and certain qualities, amounts to a warranty, and by counterclaim the defendant may set up the breach of the warranty and reduce the sum claimed by the difference between the contract price and the actual value, although there was no deceit in the sale. McKinnon v. McIntosh, 98 N.C. 89. This case is very much on all fours with the one under consideration. In Reiger v. Worth, 130 N.C. 268, it was held that representations that rice is excellent seed rice amounts to a warranty. In that case the Court held also that his Honor correctly instructed the jury as a matter of law that the defendant's representations amounted to a warranty, and that they should answer that issue `Yes.' See, also, Love v. Miller, 104 N.C. 582; Lewis v. Rountree, 78 N.C. 323."
From the view we take of this case we do not think the subject of "election of remedies" has any application. If it did we think the reasonable and sensible rule is laid down by Judge Cothran, in McMahan v.McMahan (S.C., 1922), 26 A.L.R., 1299, as follows: "When a certain state of facts under the law entitled a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies, though they may not be able to `stand together' the enforcement of the one remedy being a satisfaction of the party's claim. In such case the invocation of the one remedy is *Page 321 
not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication, or, unless, by the invocation of the remedy first sought to be enforced, the plaintiff shall have gained an advantage thereby, or caused detriment or change of situation to the other."
The learned judge who tried this case below, we think in clear and concise language stated correctly the reasons why the cause should not have been dismissed: "While the complaint may be defective, still it is the policy of the law to determine all matters in the controversy as speedily as possible and on the merits; and whatever defects there may be in the pleadings, they can be cured by amendment. I do not think the evidence tends to show any fraud or deceit, and I do not understand the plaintiff is relying on fraud or deceit. If they did I would hold there was no evidence of that. I understand the plaintiff is now contending there was a warranty; that the car was a new car of the 1920 model, and that there was a breach of that warranty by reason of the fact that it was not a new car of the 1920 model. The motion to dismiss is denied."
On this theory the case was tried. The questions of fact were left to the jury. From a careful reading of the contentions and charge by the court below, we think the case was fairly and impartially left to the jury. We can find
No error.