RALPH G. STYRON AND ROMA STYRON, T/A STYRON PLUMBING, HEATING & AIR CONDITIONING COMPANY v. LOMAN-GARRETT SUPPLY COMPANY

No. 693SC528

(Filed 17 December 1969)

1. Trial § 57— trial by the court — admission of incompetent evidence — presumption

In a trial by the court under agreement of the parties, it will be presumed that the judge disregarded any incompetent evidence that may have been admitted, unless it affirmatively appears that the judge was influenced thereby.

**2. Uniform Commercial Code § 3— date of application**

The Uniform Commercial Code does not apply to transactions entered into prior to the effective date of the Code, which was on midnight, 30 June 1967.

**3. Limitation of Actions § 18; Sales § 14— breach of express warranty — air conditioning equipment — statute of limitations — sufficiency of findings**

In an action on express warranty to recover expenditures incurred by the plaintiffs, a plumbing and heating company, in correcting defects in an air conditioning and heating system purchased from the defendant and installed by the plaintiffs in a motel, the trial court properly ruled that plaintiffs' action was not barred by the three-year statute of limitations, where (1) defendant orally warranted that it would be totally responsible for the design, plans, engineering, installation, and performance of the system, (2) the defects first appeared in a trial run of the equipment in May 1964, (3) defendant replaced the defective parts with new parts and appliances and continued to do so until the equipment performed to the satisfaction of the motel owner in May 1966, and (4) the plaintiffs instituted the cause of action in August 1967.

**4. Limitation of Actions § 14— action for breach of warranty — new promise in writing — applicability of statute**

In an action on express warranty to recover expenditures incurred by plaintiffs in correcting defects in an air conditioning system purchased from defendant, the statute providing that a new promise must be in writing and signed by the party to be charged in order to start the running of the statute of limitations, G.S. 1-26, *held* inapplicable where the plaintiffs' action was based upon the failure of the equipment to conform with the original warranty and not upon any new promise by the seller.

**5. Appeal and Error § 57— findings of fact — review**

Findings of fact which are supported by competent evidence are binding on appeal.

APPEAL by defendant from *Cowper, J.,* 10 March 1969 Session, CARTERET County Superior Court.

Action to recover expenditures incurred by plaintiffs in correcting defects in an air conditioning and heating system bought from defendant and installed by plaintiffs. Plaintiffs alleged and introduced evidence tending to establish that in the year 1963 and for sometime prior thereto, they had been engaged in the plumbing, heating and air conditioning business in Carteret County; that they had a customer, A. B. Cooper, who owned Oceanana Motel on Atlantic Beach; that this motel was heated and air conditioned by means of individual window units in each room; that Cooper desired to put in a central system which would be acceptable in appearance, eliminate noise and be more economical in operation; that Cooper had requested the plaintiffs to be on the lookout for a suit-

able installation; that plaintiffs made known to the sales manager of the defendant what Cooper desired; that the sales manager, Robert Helms (Helms), assured plaintiffs that defendant had a system which would fulfill the requirements and desires of Cooper in his motel; that plaintiffs advised Helms that they were not familiar with and did not have either the experience or the ability to design such a system; that Helms went with plaintiffs to call upon Cooper and explain the system to Cooper; that with the help and assurances of Helms, the job was sold to Cooper, and Helms agreed that the defendant would be responsible for designing plans and specifications for the installation of the system and that such system, when installed, would fulfill the requirements of Cooper for heating and cooling the motel; that relying upon such assurances and representations, the plaintiffs contracted with Cooper for the installation of such a system and in turn purchased the system from the defendant.

The defendant did design the system and furnished plaintiffs with plans and specifications for the installation of the system. The various items comprising the system were sent to the job site, and sight drafts were paid by the plaintiffs as the various items were received. The plaintiffs installed the system in accordance with the plans and specifications furnished by the defendant and under the supervision of Helms. In May 1964 the installation had proceeded to such an extent that it was turned on to see how the cooling system was working. The system immediately began to show defects, and various units comprising the system went out of order. Defendant furnished new parts to take the place of the parts which were defective. New parts and appliances were continuously furnished by the defendant and installed by the plaintiffs in an effort to make the system operate in conformity with the requirements of Cooper and to cool the motel satisfactorily. At no time did the entire system work as a unit for that various parts were always inoperative. The cooling portion of the system was completely unsatisfactory, and the motel was not properly cooled until May 1966 when larger chillers were installed in the system. These chillers were considerably larger than the chillers originally called for in the plans, designs and specifications prepared by the defendant. It was not until after that that Cooper paid plaintiffs the final amount due for the system.

This action was brought to recover for expenditures by the plaintiffs for labor and material in making replacements in the system of both defective parts and appliances called for in the original designs and plans, and of new parts and appliances, including chillers, which were finally installed.

The defendant denied that it contracted with the plaintiffs to furnish a system that would heat and cool the motel in a satisfactory manner in keeping with the requirements of Mr. Cooper. The defendant asserted that it was acting in the capacity of a distributor for Edwards Engineering Company, the manufacturer of the equipment; that the manufacturer warranted the equipment to be of good workmanship and that any defective parts would be replaced; that the manufacturer had replaced all defective parts and had exceeded its warranty by furnishing larger chillers than originally called for in the plans and specifications; that the defendant had fully complied with all terms of its contract and had no responsibility for any expenses incurred by the plaintiffs in changing, altering and replacing any parts and appliances comprising the system. The defendants further asserted that if there was any breach in its contract, the same occurred and became known on or about 14 May 1964 when the system was first turned on and that this was more than three years prior to the institution of this action on 22 August 1967, and the defendants pled the three-year statute of limitations (G.S. 1-52) in bar of any recovery.

The parties agreed to waive a jury trial and that the trial judge could find the facts, make conclusions of law and render a judgment.

The trial judge found as a fact that Helms was the sales manager and engineer of the defendant and had full authority to act for and on behalf of the defendant and that "[d]efendant orally warranted and assured plaintiffs that defendant would be totally responsible for the design, plans, engineering, installation and performance of the system"; that defendant, acting through Helms, assured both plaintiffs and Cooper that defendant would be totally responsible for the operation and performance of the system; that defendant drew the plans and specifications; that plaintiffs "were relatively small businesswise and were not prepared or equipped to handle" a job of this size; that defendant knew of the limitations of the plaintiffs and knew that plaintiffs were relying on the skill, judgment and experience of the defendant for the suitability of the equipment; that plaintiffs undertook the job because of the assurances and representations of the defendant; that the plaintiffs installed the equipment in accordance with the plans and specifications prepared by defendant and that the defendant checked the installation from time to time and approved same; that the entire system was never completely installed and working at the same time; that as various breakdowns occurred the defendant sent replacements and "indicated its willingness to pay for extra labor and ma-

terials necessary to install the new equipment"; that plaintiffs had no dealings with Edwards Manufacturing Company and at all times dealt with the defendant and looked to the defendant; that the plaintiffs from May 1964 through May 11, 1966 were constantly making changes and corrections in the system and spent the sum of $8,763.94 for labor and materials in an effort to get the cooling system properly functioning; that the plaintiffs themselves, individually, spent many hours during that period of time, and that $1,500.00 is a modest and reasonable charge for the individual labor of plaintiffs. The trial judge concluded as a matter of law that the action was not barred by the three-year statute of limitations and rendered judgment for the plaintiffs in the sum of $10,263.94.

The defendant filed numerous exceptions to the admission of evidence, findings of fact and conclusions of law and made 29 assignments of error to this Court.

*Hoyle, Boone, Dees and Johnson by J. Sam Johnson, Jr., for defendant appellant.*

*Harvey Hamilton, Jr., for plaintiff appellees.*

CAMPBELL, J.

[1] Defendant has a number of assignments of error to the admission of evidence over its objections and exceptions, and to the judge's findings of fact. All of these assignments of error are overruled.

"When the parties waived a jury trial, [Judge Cowper] occupied a dual position: he was the judge required to lay down correctly the guiding principles of law, and he was also the tribunal compelled to find the facts. In such a trial the rules of evidence as to the admission and exclusion of evidence are not so strictly enforced as in a jury trial. If there was incompetent evidence admitted, it will be presumed it was disregarded by the judge in making his decision, unless it affirmatively appears that the action of the judge was influenced thereby." *Mayberry v. Insurance Co.*, 264 N.C. 658, 142 S.E. 2d 626 (1965). *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668 (1957).

The trial court found that "[d]efendant orally warranted and assured plaintiffs that defendant would be totally responsible for the design, plans, engineering, installation and performance of the system." The trial court further found that plaintiffs purchased the system for a particular purpose known to the defendant and "re-

lied on the skill, judgment and experience of the seller for the suitability of the equipment for that purpose."

In *Potter v. Supply Co.*, 230 N.C. 1, 51 S.E. 2d 908 (1949), Ervin, J., set out the law of North Carolina as follows:

"The Uniform Sales Act provides that 'any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon.' Williston on Sales (Revised Edition), section 194. Our Legislature has not incorporated the Uniform Sales Act in our statutory law, but the accuracy of the lucid and succinct definition of an express warranty embodied in the Act is fully supported by repeated decisions of this Court. *Walston v. Whitley & Co.*, 226 N.C. 537, 39 S.E. 2d 375; *Simpson v. Oil Co.*, 217 N.C. 542, 8 S.E. 2d 813; *Dallas v. Wagner*, 204 N.C. 517, 168 S.E. 833; *Swift v. Meekins*, 179 N.C. 173, 102 S.E. 138; *Tomlinson v. Morgan*, 166 N.C. 557, 82 S.E. 953; *Hodges v. Smith*, 159 N.C. 525, 75 S.E. 726; *Wrenn v. Morgan*, 148 N.C. 101, 61 S.E. 641; *Reiger v. Worth*, 130 N.C. 268, 41 S.E. 377, 89 Am. S.R. 865; *Foggart v. Blackweller*, 26 N.C. 238; *Thompson v. Tate*, 5 N.C. 97, 3 Am. D. 678."

[2] North Carolina has now adopted the Uniform Commercial Code and that law as set out in G.S. 25-2-315 would apparently cover this situation but that Act did not become effective in North Carolina until midnight, 30 June 1967, which was after the contract which is the subject of this litigation.

[3] The defendant contends that the plea of the three-year statute of limitations should have been held as a complete bar to this action as a matter of law. The defendant in support of this position claims that the breach of warranty accrued in May 1964 when the equipment was first tested. This position would be sound except for the fact that thereafter the defendant continued to cooperate with and work with the plaintiffs in an effort to make the equipment comply with the assurances the defendant had given as to the performance of the system. By furnishing new parts for defective parts, furnishing additional pumps and larger chillers, the defendant finally succeeded in procuring satisfactory performance from the equipment. This was not accomplished until May 1966, however. This action was commenced 22 August 1967 which was well within the three-year statute of limitations. We think *Heath v. Furnace Co.*, 200 N.C. 377, 156 S.E. 920 (1931) and *Nowell v. Tea Co.*, 250 N.C. 575, 108 S.E. 2d 889 (1959) are authoritative cases to sustain the

conclusion of the trial court to the effect that the plaintiff's cause of action was not barred by the statute of limitations.

[4] The defendant in this case also relies upon G.S. 1-26 which provides:

> "*New promise must be in writing.* — No acknowledgment or promise is evidence of a new or continuing contract, from which the statutes of limitations run, unless it is contained in some writing signed by the party to be charged thereby; but this section does not alter the effect of any payment of principal or interest."

This statute is not applicable in the instant case as the plaintiffs here are seeking to recover damages incurred because of the failure of the equipment to conform with the original warranty. The expenditures for which the plaintiffs seek to recover in this action were incurred because the equipment did not operate in the manner defendant had warranted it would. The expenses incurred were incident to an effort by the plaintiffs to make the equipment conform with the original representations of the defendant. No new promises were necessary.

In *Heath v. Furnace Co., supra,* the plaintiff purchased a combined heating and ventilating plant for an apartment house. The system was guaranteed to heat the building. After certain adjustments had been made, the installation was accepted and final payment made on 12 January 1925. Subsequently, plaintiff claimed the system was defective and action was instituted on 23 March 1929 for breach of the warranty. Defendant relied on the three-year statute of limitations. The question presented was, when did the cause of action accrue? The North Carolina Supreme Court held that ordinarily where there is a warranty that the subject matter of a sale is sound at the date of sale then the statute of limitations begins to run at the date of the warranty and not thereafter.

> "Where, however, the warranty has been construed as a contract by the vendor that if the vendee shall suffer damages resulting from a prospective as well as a present condition, it has been held that a different rule applies. In some cases, as in *Sheehy Co. v. Eastern Imp. & Mfg. Co.*, 44 App. D.C., 107, L.R.A., 1916F, 810, it has been held that the statute of limitations runs from the date on which the vendee discovered or should have discovered the breach of the warranty; in other cases, as in *Felt v. Reynolds Fruit Evap. Co.* (Mich.), 18 N.W. 378, it has been held that the statute begins to run only after

the lapse of a reasonable time within which both the vendor and the vendee had an opportunity to discover, by tests, whether or not there has been a breach of the warranty. In the latter case, it was said by *Cooley, C.J.*, that where the vendor and the vendee, as contemplated by them when the contract was entered into, were engaged for some time after the date of the warranty in making tests to determine whether or not there had been a breach of the warranty, this time was a criterion as to the time required for that purpose.

In the instant case, all the evidence tends to show that the defendant within three years from the date on which the action was commenced, in response to repeated complaints from the plaintiff, was engaged from time to time in testing the heating plant installed by the defendant, and in efforts to make the plant perform in accordance with the warranty. During this time plaintiff was patiently relying upon the repeated assurance of defendant that it would make the plant comply with its warranty. Upon all the facts of this case, the cause of action did not accrue at the date of the warranty, but at the date on which it was finally determined that the plant was not free from all defects and flaws and would not heat the building to a temperature of 70 degrees Fr. with an external temperature of 10 degrees below zero. There was evidence tending to show that this date was within three years of the date on which the action was commenced. Hence, there was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit, or in its refusal to instruct the jury as prayed by defendant. . . ."

We think this is the applicable rule in this case as defendant was endeavoring to get the system to operate.

[5] We find that there was sufficient competent evidence to support the findings of fact and that the conclusions of law were amply supported by the findings of fact. Findings of fact which are supported by competent evidence are conclusive on appeal. *Bizzell v. Bizzell, supra; Used Cars, Inc. v. Easton,* 5 N.C. App. 695, 169 S.E. 2d 204 (1969).

We have reviewed the numerous assignments of error and have found no error prejudicial to any substantial right of the defendant.

Affirmed.

PARKER and GRAHAM, JJ., concur.