Ruffin, Chief Justice.
 

 "We think the statute of limitations does not bar the plaintiff’s action. The statute begins to run from the time the plaintiff might first have brought the same action for the injury, for which he therein seeks redress. Here, the action is to recover back money paid by the plaintiff as the cost of a suit instituted in the name of the plaintiff, without his leave; and it is an action on the case in tort, for consequential damages. When did it arise? From the plaintiff’s paying the money: for then he first sustained actual injury or damage. If one dig a pit in the highway, all'the world cannot sue him; but he only who falls into it. Therefore, the person who falls into it and gets hurt, may sue within three years from the time of his fall; although the pit were dug long before. So, in the case before us, the plaintiff could not have sued before he paid the money. — .for, what damage could, he lay? Before that, he could complain of nothing but the danger, that he might be compelled to pay the costs. But such a possibility is not
 
 *149
 
 a good cause of action. There must be both a wrong
 
 some
 
 loss from it, before one can bring a suit.
 

 This is not like an action of trespass for a direct and immediate injury; in which the wrong and its effects are simultaneous. Nor is it like assumpsit, when after a breach, the damages continue to be developed, or even to increase, up to the trial; for, in such a case, the statute must necessarily run from the breach itself, since, at that time, nominal damages, at the least, were sustained; and, therefore, an action might then have been brought. But here, until payment by the plaintiff, he had no action; for, until that event, he suffered from the suit, brought in his name, no more than any other person did.
 

 Per Curiam. Judgment affirmed.