Nash, C. J.
 

 The action is in Assumpsit to recover damages for a false warranty of soundness of a negro woman named Mary. The contract of warranty was made on 14th of January, 1852, and the writ issued on the 2nd day of October, 1855. The defendant relies on the statute of limitations. The sole question for us to decide is, when did the plaintiff’s right of action accrue ? The plaintiff sold Mary to a
 
 Mrs. Livingston,
 
 who sued him for a breach of his contract, and recovered judgment at fall term, 1855, of Montgomery Superior Court. If his right of action accrued from the date of that j udgment, then the statute does not bar; if on the breach of the contract, then the statute is a bar. The action is on a contract of soundness, and if the slave was, at the time of its execution, unsound, the contract was instanter broken, and the cause of action then accrued to the plaintiff. It is not at this day an open question, whether the statute begins to run from the breach of the contract; the case of
 
 Wilcox
 
 v. Plummer, 4 Peters’ Rep. 177, is full authority. The action was against an attorney for breach of duty in the management of a suit at law entrusted to him by the plaintiff. The Court say, where an attorney is chargeable with negligence, or un-skilfulness, his contract is violated, and the action may be brought immediately, and the damage sustained by the plaintiff is not the
 
 cause
 
 of action. The Court, there, refer to the case of
 
 Battley
 
 v.
 
 Faulkner,
 
 3 B. and A. 288, as being in accordance with their decision.
 

 
 *72
 
 The plaintiff brought bis action too late, and the statute of limitations is a bar. There is no error.
 

 Pee Cueiam, Judgment affirmed.