MRS. NETTIE M. HEATH v. MONCRIEF FURNACE COMPANY.

(Filed 18 February, 1931.)

**Limitation of Actions B a—Right of action on warranty in this case held to accrue when attempts to remedy defect were abandoned.**

Where a warranty is prospective as to a contract, as in this case, a written guarantee that a heating plant to be installed in a building according to plans and specifications would be free from defects and flaws and capable of heating the building to a temperature of 70 degrees with an external temperature of 10 degrees below zero, the statute of limitations does not begin to run in favor of the contractor from the date of the contract, C. S., 441, as the cause of action will not be deemed to have accrued at that time, and where the evidence is to the effect that the fault had repeatedly been called to the contractor's attention with the latter's ineffectual attempts to remedy it, upon which the owner relied until it was demonstrated that the plant was inadequate and could not be put in shape to comply with the warranty: *Held*, a motion as of nonsuit under the defendant's plea of the statute barring the action in three years from the time of making the contract is properly denied.

STACY, C. J., dissents.

APPEAL by defendant from *Harwood, Special Judge,* at September Special Term, 1930, of MECKLENBURG. No error.

On 27 June, 1924, the defendant contracted and agreed, in writing, with plaintiff "to furnish and install a combined heating and ventilating plant in your new apartment house on Central Avenue (in the city of Charlotte) according to attached plans and specifications for $1,760." It was stipulated and agreed that the contract price should be paid in three installments, the final installment to be paid on the completion of the plant.

The plans and specifications attached to and forming a part of said contract contains a paragraph as follows:

"Guarantee. This system is guaranteed to be free from all defects and flaws and to heat the building to a temperature of 70 degrees Fr.

with an external temperature of 10 degrees below zero. The entire job to be tested and everything left in order."

It is provided in the contract that "the guarantee as set forth in the specifications is contingent upon payments being made as above outlined."

In accordance with its contract and agreement, the defendant furnished and installed in plaintiff's apartment house a heating and ventilating plant. This plant was operated from the latter part of October, 1924, to January 12, 1925. During this time the plant did not heat the apartment house satisfactorily, and in consequence of plaintiff's complaints, defendant made certain adjustments on said plant which apparently remedied the defects and increased its heating capacity. On 12 January, 1925, plaintiff, through her agent, accepted the plant and paid the final installment on the contract price. At said date ·defendant endorsed on the contract these words: "All payments under this contract have been duly made in full and on time; the guarantee expressed in the contract and specifications is ratified, confirmed and in full force. Moncrieff Furnace Company, by J. B. Lee."

This action was begun on 23 March, 1929. It is alleged in the complaint that "the furnace and heating system installed by defendant in said apartment house was inadequate to heat said apartment house, was defective, and did not in any respect fulfill the guarantee as contained in defendant's contract. That not only did the said furnace and system not heat the building, but it from time to time emitted throughout the apartment house clouds of dust, gases and smoke which ruined the walls and decorations of the apartments and necessitated the repairing and redecoration of the inside of the said apartments from time to time at great expense to the plaintiff."

"8. That on account of the defectiveness and inadequacy of the said heating system, the tenants in the said apartment house became dissatisfied and a large number of tenants moved out and left the said apartment house on account of the defectiveness of the said heating system and on account of the dirt, smoke and gases emitted therefrom, and plaintiff was greatly damaged by reason of the loss of tenants and the rentals on the said building, all as a direct result of the inadequacy and defectiveness of the said heating system and its failure to come up to the guarantee contained in the contract.".

"9. That plaintiff complained to the defendant frequently and at length and pointed out to defendant the defects in the said heating system, and that defendant from time to time made efforts to rectify the defects in the said heating system and to render it adequate to heat the said apartment house according to the contract, but the defendant never succeeded in remedying the defects in the said heating system and never

put it in condition so that it would perform according to the terms of the contract, although plaintiff from time to time, and continually demanded that defendant do so."

"10. That in the spring of the year 1928 the said heating system having failed to heat the said apartment house adequately according to the contract, and having been so defective as to render the apartment filthy with smoke, dirt, and grime, practically all the tenants in the said apartment house notified plaintiff that they would move out and refuse to remain therein unless the heating system was put in proper condition or a new heating system installed. Defendant having failed and refused to properly remedy the said heating system, plaintiff, having no other recourse, did in the summer of 1928 remove the said heating system from the apartment house and installed a new system, all at great expense to her."

The issues submitted to the jury were answered as follows:

"1. Did the plaintiff and defendant enter into a contract as alleged in the complaint? Answer: Yes.

2. Did the defendant breach its warranty as alleged in the complaint? Answer: Yes.

3. Is the plaintiff's cause of action barred by the statute of limitations, as alleged in the answer? Answer: No.

4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $2,156.45."

From judgment on the verdict, defendant appealed to the Supreme Court.

*Taliaferro & Clarkson for plaintiff.*
*Bridgers, Orr & Vreeland and S. E. Vest for defendant.*

CONNOR, J. The cause of action on which plaintiff seeks to recover in this action, as alleged in the complaint, is a breach of the warranty contained in the contract under which defendant furnished and installed in plaintiff's new apartment house a heating and ventilating plant. It is not alleged in the complaint, nor was it contended at the trial that the plant furnished and installed by defendant was not according to the plans and specifications attached to and forming a part of the contract. In addition to its contract to furnish and install a plant according to said plans and specifications, defendant guaranteed the plant so furnished and installed "to be free from all defects and flaws and to heat the building to a temperature of 70 degrees Fr. with an external temperature of 10 degrees below zero." This guarantee or warranty, under the terms of the contract, was in force from and after 12 January, 1925.

The breach of the warranty, as alleged in the complaint, was established by the evidence offered at the trial by plaintiff, as appears from

the answer of the jury to the second issue. No errors are assigned by the defendant on its appeal to this Court with respect to the trial of the second issue. At the trial, defendant relied chiefly on its contention that the action was barred by the statute of limitations, for that the action was not commenced within three years from the date on which the cause of action accrued. C. S., 441. On its appeal to this Court, defendant assigns as error the rulings of the trial court upon questions of law presented by this contention. The determinative question presented for decision is, when did the cause of action alleged in the complaint, and established by the answers to the first and second issues submitted to the jury, accrue? The defendant contends that the cause of action in the instant case accrued at the date of the warranty; the plaintiff contends that on the facts alleged in the complaint and shown by all the evidence, the cause of action did not accrue until after the lapse of a reasonable time during which it was discovered by both plaintiff and defendant, after repeated tests, that there was a breach of the warranty.

In *Baucum v. Streater,* 50 N. C., 70, and in *Taylor v. McMurray,* 58 N. C., 357, it was held by this Court that the statute of limitations against an action to recover damages for the breach of a warranty that the subject-matter of a sale was sound at the date of the sale, begins to run at the date of the warranty, and not thereafter. In each of these cases the warranty was construed as a contract by the vendor that if the vendee should suffer damages resulting from a condition existing at the date of the warranty, the vendor would pay such damages to the vendee. The cause of action accrued at the date of the warranty, for if breached at all, the warranty was breached at its date. For this reason it was held that the statute of limitations began to run at the date of the warranty, and not at the date when the damage resulting from the breach of the warranty was sustained. The principle on which the decision in each of these cases rests, has been generally recognized as sound. 37 C. J., 835.

Where, however, the warranty has been construed as a contract by the vendor that if the vendee shall suffer damages resulting from a prospective as well as a present condition, it has been held that a different rule applies. In some cases, as in *Sheehy Co. v. Eastern Imp. & Mfg. Co.,* 44 App. D. C., 107, L. R. A., 1916F, 810, it has been held that the statute of limitations runs from the date on which the vendee discovered or should have discovered the breach of the warranty; in other cases, as in *Felt v. Reynolds Fruit Evap. Co.* (Mich.), 18 N. W., 378, it has been held that the statute begins to run only after the lapse of a reasonable time within which both the vendor and the vendee had an opportunity to discover, by tests, whether or not there has been a

breach of the warranty. In the latter case, it was said by *Cooley, C. J.,* that where the vendor and the vendee, as contemplated by them when the contract was entered into, were engaged for some time after the date of the warranty in making tests to determine whether or not there had been a breach of the warranty, this time was a criterion as to the time required for that purpose.

In the instant case, all the evidence tends to show that the defendant within three years from the date on which the action was commenced, in response to repeated complaints from the plaintiff, was engaged from time to time in testing the heating plant installed by the defendant, and in efforts to make the plant perform in accordance with the warranty. During this time plaintiff was patiently relying upon the repeated assurance of defendant that it would make the plant comply with its warranty. Upon all the facts of this case, the cause of action did not accrue at the date of the warranty, but at the date on which it was finally determined that the plant was not free from all defects and flaws and would not heat the building to a temperature of 70 degrees Fr. with an external temperature of 10 degrees below zero. There was evidence tending to show that this date was within three years of the date on which the action was commenced. Hence, there was no error in the refusal of the court to allow defendant's motion for judgment as of nonsuit, or in its refusal to instruct the jury as prayed by defendant. We find no error in the charge. The judgment is affirmed.

No error.

STACY, C. J., dissents.