RANDOLPH J. JEWELL and ELEANOR K. JEWELL v. E. JACK PRICE.

(Filed 19 May, 1965.)

**1. Limitation of Actions §§ 4, 7—**

An action to recover loss caused by a fire resulting from the installation of a furnace by defendant, either on the ground of negligence or the failure to perform contractual duties, accrues at the time of the completion of the work of installation, notwithstanding plaintiff has no knowledge of the defects until the accrual of damages, G.S. 1-52(1), G.S. 1-52(5), since statutes of limitation are inflexible and a cause of action accrues at the time legal rights are invaded, even though at such time only nominal damages have been sustained.

**2. Limitation of Actions §§ 17, 18—**

Where the applicable statute of limitations is pleaded by defendant, the burden is on plaintiffs to prove that they have a live claim, and nonsuit is proper if they fail to offer evidence to this effect.

**3. Negligence § 7—**

Nominal damages may be recovered in an action based on negligence.

**4. Limitation of Actions § 3;   Constitutional Law § 23—**

If a cause of action has become barred by a statute of limitations, it may not be revived by an act of the legislature, although the legislature may extend the time for bringing actions not already barred.

APPEAL by plaintiffs from *Campbell, J.,* March 30, 1964 Civil B Session of MECKLENBURG. This appeal was docketed in the Supreme Court as Case No. 247 and argued at the Fall Term 1964.

Action for damages for the negligent performance of a building contract.

Pursuant to a written contract including plans and specifications, defendant, a general contractor, built for plaintiffs a residence, which he delivered to them on November 15, 1958. The house was heated by forced hot air from an oil-burning, horizontal York S5-150 furnace, which defendant had caused to be installed in the "crawl space" under the living room.

On January 18, 1959, the house and all its contents were destroyed by fire. The Lumbermen's Mutual Insurance Company, which carried the fire insurance on the property, paid plaintiffs $24,595.42 for the loss of the house and $10,000.00 for the personal property, a total of $34,595.42. Alleging a total loss of $48,851.88, plaintiffs brought this action on January 12, 1962, to recover that sum from defendant. Plaintiffs allege that the fire which destroyed their property resulted, *inter alia,* from the negligent installation of the furnace in that (1) no draft regulator was installed in the flue pipe, (2) insufficient clearance was provided between the flue pipe and the floor joists, and (3) the

warm-air plenum was nailed to the floor joists, a combustible surface. Defendant denies all allegations of his negligence and, as a further defense, pleads that the acts of which plaintiffs complain took place more than three years before the institution of this action and the action is, therefore, barred by G.S. 1-52(1) and (5). At the close of plaintiffs' evidence, defendant's motion for judgment of nonsuit was allowed, and plaintiffs appealed.

*Howard B. Arbuckle, Jr., Carswell and Justice by James F. Justice for plaintiffs, appellants.*

*Helms, Mullis, McMillan & Johnston by James B. McMillan and E. Osborne Ayscue, Jr., for defendant, appellee.*

SHARP, J. Plaintiffs' evidence, taken as true, establishes these facts: During the first week in January 1959 the furnace began to operate unsatisfactorily. Some rooms were hot and some cold. In consequence of plaintiffs' complaint to defendant, a representative of Garmon Furnace Company came out on two occasions, inspected the registers, and disappeared under the house for an interval. On January 12, 1959, the date of the second visit, the representative's attention was called to sooty deposits on the rugs and the furniture. Thereafter sometime between January 13th and January 16th, the furnace "backfired" and blew "greasy soot that comes out of an oil furnace" onto "the walls, windows, woodwork, floors, carpets, draperies, furniture and everything" throughout the house. On Friday, January 16th, the Lumbermen's Mutual Insurance Company sent Mr. Manly McWilliams, a professional cleaner, to repair the damage. He observed that the heat ducts were "pretty well clogged up with soot" although Mrs. Jewell told him that "the furnace people had been out and the furnace had been repaired." Lumbermen's Mutual instructed Mr. McWilliams not to proceed until the condition which had caused the damage had been repaired and he had gotten in touch with Mr. Garmon. Neither did anything further because the house was destroyed on Sunday, January 18th, by a fire originating "around the furnace area."

Since the solution to this case does not turn upon the sufficiency of the evidence to establish actionable negligence, we will not detail the testimony of experts and others with reference to the installation of the furnace, and to the cause and the origin of the fire. Suffice it to say, plaintiffs offered plenary, competent evidence tending to establish their allegations that the negligent installation of the furnace was the proximate cause of the destruction of their property.

The period prescribed for the commencement of this action, whether regarded as arising out of contract or of tort, is three years. G.S. 1-52(1) and (5). The critical question is whether plaintiffs have offered

any evidence tending to show that they instituted this action within three years from the date it accrued. If not, the nonsuit was proper. The defendant having properly pled the applicable statute of limitations, *Jennings v. Morehead City,* 226 N.C. 606, 39 S.E. 2d 610; 1 McIntosh, North Carolina Practice and Procedure § 372 (1956 Ed.), the burden devolved upon plaintiffs to show that their action was begun within the time permitted by statute. *Mobley v. Broome,* 248 N.C. 54, 102 S.E. 2d 407; *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508; *Hooper v. Lumber Co.,* 215 N.C. 308, 1 S.E. 2d 818; *Wilkes County v. Forester,* 204 N.C. 163, 167 S.E. 691.

Plaintiffs rightly allow that subsection (5) of G.S. 1-50, enacted in 1963, after the institution of this suit, has no application. If this action was already barred when it was brought on January 12, 1962, it may not be revived by an act of the legislature, although that body may extend at will the time for bringing actions not already barred by an existing statute. *Waldrop v. Hodges,* 230 N.C. 370, 373, 53 S.E. 2d 263, 265; *Wilkes County v. Forester, supra* at 169, 167 S.E. at 694; *Whitehurst v. Dey,* 90 N.C. 542. See *McCrater v. Engineering Corp.,* 248 N.C. 707, 710, 104 S.E. 2d 858, 861; Annot., Power of legislature to revive a right of action barred by limitation or to revive an action which has abated by lapse of time, 133 A.L.R. 384, 387; Annot., Validity, and applicability to causes of action not already barred, of a statute enlarging limitation period, 79 A.L.R. 2d 1080.

For a thoroughgoing analysis of the rules relating to when a cause of action accrues so as to start the statute of limitations running, see the opinion of Bobbitt, J., in *Shearin v. Lloyd, supra.* Where there is either a breach of an agreement or a tortious invasion of a right for which the party aggrieved is entitled to recover even nominal damages, the statute of limitations immediately begins to run against the party aggrieved, unless he is under one of the disabilities specified in G.S. 1-17. *Shearin v. Lloyd, supra; Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320; *Aydlett v. Major & Loomis Co.,* 211 N.C. 548, 191 S.E. 31; *Peal v. Martin,* 207 N.C. 106, 176 S.E. 282; *Miller v. Eskridge,* 23 N.C. 147; 1 Am. Jur. 2d, Actions § 88 (1962); 54 C.J.S., Limitations of Actions § 109 (1948). Nominal damages may be recovered in actions based on negligence. *Clark v. Emerson,* 245 N.C. 387, 95 S.E. 2d 880; *Lieb v. Mayer,* 244 N.C. 613, 94 S.E. 2d 658. The accrual of the cause of action must therefore be reckoned from the time the first injury, however slight, was sustained. *Mast v. Sapp,* 140 N.C. 533, 53 S.E. 350. It is unimportant that the actual or the substantial damage does not occur until later if the whole injury results from the original tortious act. *Shearin v. Lloyd, supra.* "(P)roof of actual damage may extend to facts that occur and grow out of the injury, even up to the day of the

verdict. If so, it is clear the *damage* is not the cause of action," *Wilcox v. Executors of Plummer*, 29 U.S. (4 Pet.) 172, 182, 7 L. Ed. 821, 824. It is likewise unimportant that the harmful consequences of the breach of duty or of contract were not discovered or discoverable at the time the cause of action accrued. *Motor Lines v. General Motors Corp.*, 258 N.C. 323, 128 S.E. 2d 413; *Shearin v. Lloyd, supra; Connor v. Schenck*, 240 N.C. 794, 84 S.E. 2d 175; *Lewis v. Shaver, supra; Powers v. Trust Co.*, 219 N.C. 254, 13 S.E. 2d 431; *Bank v. McKinney*, 209 N.C. 668, 184 S.E. 506; *Gordon v. Fredle*, 206 N.C. 734, 175 S.E. 126; *Daniel v. Grizzard*, 117 N.C. 105, 23 S.E. 93; *Shackelford v. Staton*, 117 N.C. 73, 23 S.E. 101; *Baucum v. Streater*, 50 N.C. 70; 1 Am. Jur. 2d, Actions § 89 (1962); 54 C.J.S., Limitations of Actions § 168 (1948). See Note, 19 N.C.L. Rev. 599.

In this case, defendant's negligent breach of the legal duty arising out of his contractual relation with plaintiffs, *Peele v. Hartsell*, 258 N.C. 680, 129 S.E. 2d 97, occurred on November 15, 1958, when he delivered to them a house with a furnace lacking a draft regulator and, also, having been installed too close to combustible joists. There was no prospective warranty, as was present in *Heath v. Furnace Co.*, 200 N.C. 377, 156 S.E. 920, 75 A.L.R. 1082; nor did defendant, after the furnace began to malfunction, guarantee to "remedy the situation" and to be "entirely responsible" as did the defendant in *Nowell v. Tea Co.*, 250 N.C. 575, 108 S.E. 2d 889. Plaintiffs here sustained an invasion of their rights on November 15, 1958, although they had no knowledge of the invasion until the first week in January 1959. The fire which destroyed their home on January 18, 1959, "the whole injury," resulted proximately from defendant's original breach of duty.

This case is indistinguishable on its facts from *Motor Lines v. General Motors Corp., supra*, instituted September 8, 1958, in which the Court, speaking through Bobbit, J., said:

> "Assuming, as alleged by plaintiff, the truck-tractor was equipped with a faulty and dangerous carburetor, likely to cause said truck-tractor to be 'ignited with fire,' when sold and delivered to plaintiff, and that defendants knew or by the exercise of due care should have known of such defective condition, and failed to warn plaintiff thereof, we are of opinion and hold that plaintiff suffered injury and his rights were invaded in the latter part of June, 1955, immediately upon the sale and delivery of the truck-tractor to plaintiff, and that a cause of action in favor of plaintiff and against defendants then accrued for which plaintiff was entitled to recover nominal damages at least. Hence, the judgment of the court below, based on the ruling that plaintiff's action is

barred by the three-year statute of limitations, is affirmed." *Id.* at 326, 128 S.E. 2d at 416.

On principle this case is likewise indistinguishable from *Shearin v. Lloyd, supra,* upon which the Court relied in *Motor Lines.* In *Shearin,* on July 20, 1951, the defendant surgeon, in performing surgery on the plaintiff, left a lap-pack in his abdomen, which lap-pack was not discovered until November 18, 1952. The plaintiff brought an action for malpractice on November 14, 1955. In holding the action to be barred, the Court, *per* Bobbitt, J., said:

"Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose intended to require that litigation be initiated within the prescribed time or not at all. It is not for us (the judicial branch) to justify the limitation period prescribed for actions such as this." *Id.* at 370, 98 S.E. 2d at 514.

This action was instituted almost two months too late to escape the bar of the statute. *Vigilantibus, non dormientibus, jura subveniunt.*
The judgment of involuntary nonsuit must be sustained.
Affirmed.