Hollowood OWENS, Plaintiff,

v.

COMBUSTION ENGINEERING, INC.,
Defendant.

Civ. A. No. 4859.

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 20, 1967.

Kanter, Kanter & Sachs, L. B. Sachs, Norfolk, Va., for plaintiff.

Seawell, McCoy, Winston & Dalton, Robt. M. Hughes, III, Norfolk, Va., for defendant.

## MEMORANDUM

WALTER E. HOFFMAN, District Judge.

This action was instituted on November 18, 1964, to recover damages for injuries sustained on November 24, 1962. The gist of the complaint is that plaintiff was attempting to relight an automatic gas hot water heater when there was a sudden explosion and plaintiff was severely injured.

The automatic gas water heater was manufactured by the defendant in 1955. Two years later the defendant ceased manufacturing this type heater. The heater was installed in the home at 556 South Birdneck Road, Virginia Beach, Virginia, in September, 1960. Plaintiff moved into these premises, where this accident occurred, in November, 1960.

On three or four occasions subsequent to November, 1960, and prior to November 24, 1962, plaintiff had been required to relight the pilot flame on the heater, but each time this was due to the exhaustion of the supply of gas in the tank and the pilot was relighted after a new bottle of gas was hooked up to the system.

There were no repairs or maintenance to the heater between the time plaintiff moved into the house and the date of the accident.

Even after the accident the heater was in use but, during the early fall of 1963 when the heater failed again, it was then determined that the tube which connects the pilot light to the gas line was in need of repair. After these repairs were effected, no other difficulties were encountered.

Plaintiff alleges negligence in the design, manufacture, and inspection of the heater. He further asserts the breach of an express [1] and implied warranty of fitness.

The immediate question is whether the action is barred by the Virginia statute of limitations. The statute, § 8–24 of the Code of Virginia 1950, provides in part:

> "Every action for personal injuries shall be brought within two years next after the right to bring same shall have accrued."

Plaintiff, while inferring that the negligence claim may be barred, argues vigorously that no breach of implied warranty occurred until November 24, 1962 when the accident took place. Stated otherwise, plaintiff says that there was no breach of the implied warranty of reasonable fitness until that date and, therefore, the right to bring any action for personal injuries did not accrue until November 24, 1962.

The statute of limitations, being a matter of remedy, is determined by the forum state. Hospelhorn v. Corbin, 179 Va. 348, 19 S.E.2d 72. Indeed, it is conceded that Virginia law applies.

We are here concerned with whether "the right to bring [the action] shall have accrued" at the time that the plaintiff sustained his personal injuries resulting from his attempt to relight the pilot flame, or whether the right of action accrued at the time of the negligent act or breach of warranty. In other words, does the mere fact that plaintiff sustained no personal injury until November 24, 1962, permit him to now say that this was the first moment that the right to bring the action accrued? On this narrow issue there has been no clear and concise ruling by the Supreme Court of Appeals of Virginia.

It is well settled that *if an injury occurs,* even though it be ever so slight and not capable of ascertainment at the time, the cause of action then accrues.[2] The difficulty here presented is that no personal injury was sustained until November 24, 1962. Manifestly, under Virginia decisions, the statute of limitations begins to run *from the moment the cause of action accrues* and not from the time that damage has actually been sustained. Such is the language in Richmond Redevelop. & H. A. v. Laburnum Const. Corp., 195 Va. 827, 80 S.E.2d 574, 581, where it is also said:

> "The difficulty in ascertaining the fact that a cause of action exists plays no part in the general rule."

The Court agrees with the defendant that the two year statute of limitations is applicable even though there is an allegation of breach of warranty. The object of the pending action is to recover for personal injuries and, therefore, the limitation is two years "next after the right to bring [the action] shall have accrued". Dawson v. Fernley & Eger, E.D.Va., 196 F.Supp. 816;[3] Herndon v. Wickham, 198 Va.

---

1. The only evidence of an express warranty is a document relating to the replacement of parts as to any *new* heater, and this warranty expired long prior to the accident.

2. Richmond Redevelop. & H. A. v. Laburnum Const. Corp., 195 Va. 827, 80 S.E.2d 574; Street v. Consumers Mining Corporation, 185 Va. 561, 39 S.E.2d 271; Hawks v. DeHart, 206 Va. 810, 146 S.E.2d 187;

City of Richmond v. James, 170 Va. 553, 197 S.E. 416, 116 A.L.R. 967; Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S.E. 269; Winston v. Gordon, 115 Va. 899, 80 S.E. 756; Westover Court Corp. v. Eley, 185 Va. 718, 40 S.E.2d 177.

3. See: Giddens v. Isbrandtsen Co., 4 Cir., 1966, 355 F.2d 125, having the effect of modifying Dawson v. Fernley & Eger as applied to a maritime tort.

824, 97 S.E.2d 5; Birmingham v. Chesapeake & Ohio Railway Co., 98 Va. 548, 37 S.E. 17.

The *wrong* was done, or the *breach* of warranty occurred, at the very latest in September, 1960, when the heater was installed in the house subsequently occupied two months later by the plaintiff.[4] There is no contention that the defendant serviced the heater or ever visited the premises thereafter. The singular question here presented is whether a cause of action arose when the wrong was done or when the injury occurred. So far as this defendant is concerned, whatever it did was done long prior to the date of the institution of this action and at least more than two years prior to personal injuries which were sustained by the plaintiff.

Although perhaps misinterpreting the Virginia decisions on § 8–24 of the Code of Virginia 1950, this Court feels that Virginia has adopted the minority rule and has, in effect, said that the right to bring the action accrues when the last wrongful act is committed by the defendant or, as to warranty, when the product is installed or last serviced, even though there be no resulting or compensable damage at that moment.

In an annotation on the subject, "Products Liability—Limitations", 4 A.L.R.3d 821, 830, it is said:

> "As regards the commencement of limitation against a tort action, the general rule is that the cause of action accrues, but only when, the force wrongfully put in motion produces injury * * *"

If called upon to decide the question presented without regard to prior Virginia decisions, this Court would follow the general rule stated in the foregoing annotation. Moreover, in § 16 under 4 A.L.R.3d 843, dealing with "Heating equipment, furnaces, stoves, etc.", certain authorities are cited which support the plaintiff's argument.[5]

■ An interesting discussion of the same problem appears in Dincher v. Marlin Firearms Co., 2 Cir., 1952, 198 F.2d 821, which involved an interpretation of the Connecticut statute of limitations. A rifle was manufactured by the defendant and sold to a sporting goods store in 1946. Thereafter the defendant had nothing to do with the product. In 1949, plaintiff's cousin purchased the rifle. On July 3, 1950, plaintiff borrowed the rifle and, while shooting, the rifle back-fired, causing the loss of an eye. The majority held that the limitation words of the Connecticut statute "from the date of the act or omission complained of" barred the action.[6] The vigorous dissenting opinion of Circuit Judge Frank pointedly suggests that it is only when some injury has occurred as a consequence of the negligent act or breach of warranty that the statute begins to run against the injured person's right of action. If free to disregard the language of Virginia decisions, this Court would agree with Judge Frank. However, bound as federal courts are to follow the interpretation of § 8–24 as pronounced by the Supreme Court of Appeals of Virginia, the action must be held as time-barred.

---

4. The stipulation merely states that the heater was installed in the residence in September, 1960. We do not know whether the defendant installed this heater, or whether it was installed by a third party. As noted, the heater was manufactured in 1955.

5. Chitty v. Horne-Wilson, Inc., 92 Ga.App. 716, 89 S.E.2d 816; Kitchener v. Williams, 171 Kan. 540, 236 P.2d 64; Gile v. Sears, Roebuck & Co., 281 App.Div. 95, 120 N.Y.S.2d 258, reh. den. 281 App.Div. 930, 120 N.Y.S.2d 255; Heath v. Moncrieff Furnace Co., 200 N.C. 377, 156

S.E. 920, 75 A.L.R. 1082; Theurer v. Condon, 34 Wash.2d 448, 209 P.2d 311 (holding that the negligence of the installer was continuous).

6. Not overlooked is the discussion of a 1935 amendment to the Connecticut statute which substituted the words "from the date of the act or omission complained of" for "from the date of the injury or neglect complained of". Virginia has apparently construed the language of § 8–24 as synonymous with "from the date of the act or omission complained of".

Treating the defendant's motion to dismiss as a motion for summary judgment, an order may be presented granting said motion and dismissing the action.