## Laurita v. International Harvester and Rish Equipment Co.

*John M. Zeglen,* for plaintiff.

*John E. Kunz,* for defendant International Harvester.

*Wayne Port,* for defendant Rish Equipment.

FRANKS, *J.,* March 11, 1983—This matter is before the court in defendant's motion for judgment on the pleadings pursuant to Pa.R.C.P. 1034. The underlying action concerns the purchase by plaintiff of an International Harvester loader backhoe and subsequent alleged malfunctions and repairs of the backhoe. Following a study of the pleadings and careful consideration of the issue involved, we deny defendants' motion.

The decision on the motion before the court centers upon consideration of the relevant four-year statute of limitations. See 42 Pa.C.S. §5525; 13 Pa.C.S. §2725. In its answer and new matter, defendant International Harvester alleges that the instant suit "was filed more than four (4) years after the date of the sale and delivery of the machine in question" and, consequently, the action is barred by

the applicable statute of limitations. Plaintiff replied to this and argues that defendants are estopped from using the statute of limitations as a defense because of "the fact that defendants admitted the defects of the machine and represented to the plaintiff that the repairs attempted by (defendant) Rish Equipment company, as agent for (defendant) International Harvester, would cure the defects." Plaintiff's reply to new matter, paragraph 6.

From our research and the briefs and arguments submitted by counsel for the parties, it is evident that our Pennsylvania appellate courts have yet to rule upon this doctrine termed "repair estoppel" that plaintiff has proposed. In A. J. Aberman, Inc. v. Funk Building Corporation, 278 Pa.Super. 385, 420 A.2d 594 (1980), our Superior Court discussed the doctrine but declined to either accept or reject it, stating that accepting the doctrine as then proposed would not affect the result of the case presently before it. In passing, we note that the United States District Court in Bobo v. Page Engineering Company, 285 F.Supp. 664 (W.D., Pa. 1967), rejected the adoption of a repair estoppel, apparently due to the fact that there was no Pennsylvania appellate authority on the question, and because a majority of the jurisdictions that had considered the issue up to that time had rejected the doctrine.

In the instant case, a decision on the doctrine is required, for the necessity of any further proceedings depends upon a finding that the repair estoppel doctrine is recognized. If this court rejects the doctrine, plaintiff's suit is barred by the statute of limitations as the sale of the machine took place on or about July 19, 1977, and the first malfunctions occurred within one month of its purchase. The statute of limitations time period would therefore begin running for our purposes either on the date of the

delivery or on the date of the first malfunction. As plaintiff did not file this action until July 19, 1982, the suit is well outside the statute of limitations period unless the doctrine of repair estoppel is recognized as applicable.

The courts of other jurisdictions are not uniform in their acceptance or rejection of "repair estoppel" or its variations. See 68 A.L.R.3d 1277. We now decide to recognize the doctrine, holding that proof of defendants' express representations that repairs to the machine in question would cure the defects is sufficient to provide plaintiff with an exception to the four-year statute of limitations period. We point out that mere attempts to repair are not sufficient. There must be representations made by defendant as to the curing effect of the repairs.

It is equitable to conclude that a plaintiff would interpret such representations to mean that a defendant would deal with repairs which are needed, correcting the malfunction, and thus, there would be no need for a plaintiff to resort to litigation. As noted by the Superior Court in the Aberman decision, both the Pennsylvania Supreme Court and the Superior Court have recognized an estoppel doctrine regarding the statute of limitations in contexts other than repairs. Although most of these situations have concerned tort cases, we see no reason why such an estoppel principle should not be applied to assumpsit actions such as the instant case. With recent decisions taking a more liberal view in the area of consumer law, we believe that plaintiff should be able to prove that certain representations were made by a defendant as to attempts to cure defects of purchased products.

To summarize, this court now recognizes the doctrine of "repair estoppel" whereby if a seller or its agent expressly represents that repairs will be made

which will cure the defect complained of in a product, such representations will prevent defendant from asserting the defense of the statute of limitations, provided that such representations were made within four years of the date of purchase of the product.

In the instant action, should the case proceed to trial, plaintiff still has the burden of proving that such representations were in fact made. Plaintiff herein has merely alleged in his pleadings that representations as to the effect of repairs were made to him. Since plaintiff has not alleged when these statements were made, the time element must also be proven by plaintiff at trial. Failure to prove the time the statements were made could lead to a finding that the statute of limitations is a proper defense for defendants.

The court is not deciding any other claims and allegations found in the pleadings up to this point. This court is now denying defendants' motion for judgment on the pleadings because of our recognition of the doctrine of repair estoppel.